FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 OCT 11  AM 11:06

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.

DEDRIX DAKA

CASE NO. 3:17-cr-193-J-39 JRK

18 U.S.C. § 1035

## INFORMATION

The Acting United States Attorney charges:

### GENERAL ALLEGATIONS

At all relevant times to this Information:

### The Medicare and Medicaid Programs

1. Medicare is a federal health insurance program that provides coverage for people 65 and older, and for certain disabled persons. Medicare was a "healthcare benefit program" as that term is understood in 18 U.S.C. § 24(b).

2. The Medicaid program was a cooperative federal-state health care benefit program that enabled the states to furnish medical assistance to families and individuals who were unable to meet the costs of necessary medical services. Costs of the Florida Medicaid program were shared between

the federal and state governments. Medicaid was a "healthcare benefit program" as that term is understood in 18 U.S.C. § 24(b).

3. In Florida, the Medicaid program paid healthcare providers under two different arrangements – a "fee for services" program and a "managed care" program. Under the "fee for services" program, Medicaid paid healthcare providers directly for each covered service received by a Medicaid beneficiary. Under the managed care program, Medicaid paid a fee to private managed care plans for each person enrolled in the plan. Under either arrangement, claims submitted by healthcare providers were paid by the federal and state governments.

4. Both Medicare and Medicaid provided coverage and reimbursement for outpatient medical services and medical procedures or tests that are done in a qualified medical center. Medicare and Medicaid requires entities that billed the program to meet certain contractual obligations. These obligations included to: (a) bill only for reasonable and necessary medical services; (b) not make false statements or misrepresentations of material facts concerning requests for payment; (c) provide economical medical services, and then, only where medically necessary; (d) assure that such services are not substantially in excess of the needs of such beneficiaries; and (e) not submit or

cause to be submitted bills or requests for payment substantially in excess of the provider's costs.

5. In order to bill either Medicare or Medicaid, a provider must include a physician or medical provider's billing number – commonly referred to as the provider's National Provider Index ("NPI") number. Absent a valid NPI number, the claim will not be paid.

### DEDRIX DAKA

5. DEDRIX DAKA was the Chief Executive Officer (CEO) of South Rehabilitation Center ("South Rehab"), a mental health and rehabilitation clinic in Jacksonville that purported to provide mental health and rehabilitation services

6. South Rehab billed various payors, including Medicare and Medicaid, for the provision of medical services.

### PHYSICIAN M.F.

7. Physician M.F. was a staff psychiatrist at South Rehab from approximately June 2014 until June 11, 2015. During those dates, Physician M.F. "re-assigned" her billing privileges to South Rehab. In effect, this meant that M.F. was allowing South Rehab to bill Medicare and Medicaid under her NPI number.

8. After June 11, 2015, the date of her resignation, M.F. never gave

South Rehab permission to continue using her NPI number to bill for services. Further, as of June 11, 2015, M.F. never saw any further patients of South Rehab.

## SCHEME

9. Despite M.F. not providing permission to continue using her NPI number, DAKA, as CEO of South Rehab, submitted claims to the Medicare and Medicaid program seeking reimbursement. He used M.F.'s billing number to justify those claims.

10. DAKA submitted claims to the Medicare and Medicaid programs under M.F.'s billing number because there was no other individual on staff that had a valid billing number. Absent M.F.'s billing number, DAKA could not have submitted claims for reimbursement to the Medicare or Medicaid program.

11. DAKA submitted hundreds of claims using M.F.'s billing number after June 11, 2015. In each and every instance, he attested that the claim was performed by or under the supervision of M.F., when in truth and fact DAKA knew that M.F. neither performed nor supervised the services.

## COUNT ONE

1. Paragraphs 1-11 of the General Allegations section of this Information are realleged and incorporated by reference as though fully set

4

forth herein.

2. Beginning in or about July 2015, and continuing through in or about June 2017, in the Middle District of Florida, and elsewhere,

DEDRIX DAKA,

the defendant herein, did knowingly and willfully falsify, conceal, and cover up by trick, scheme, or device a material fact in connection with the delivery of and payment for health care benefits, items, and services involving Medicare and Medicaid, that is that the provider rendering mental health services at South Rehabilitation Center was not physician M.F., when in fact the defendant knew that M.F. rendered no services during the time period alleged.

All in violation of 18 U.S.C. § 1035.

## FORFEITURE

The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(7).

1. Upon conviction of the violation of 18 U.S.C. § 1035, the defendant, DEDRIX DAKA, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

2. The property to be forfeited includes, but is not limited to the sum of $147,883.65, which represents the proceeds obtained as a result of the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

W. STEPHEN MULDROW
Acting United States Attorney

By: *[signature]*
JASON P. MEHTA
Assistant United States Attorney

By: *[signature] for:*
JAY TAYLOR
Assistant United States Attorney

By: *[signature] for:*
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division

7